February 6, 2020

The Honorable Pamela Pepper
U.S. District Court
517 E. Wisconsin Ave.
Milwaukee, WI 53202

The Honorable J.P. Stadtmueller
U.S. District Court
517 E. Wisconsin Ave.
Milwaukee, WI 53202

U.S. Attorneys Office
517 E. Wisconsin Ave.
Milwaukee, WI 53202

Re: § 2255s 19-CV-00752 and 19-CV-01694

Judge Pepper, Judge Stadtmueller, and the U.S. Attorneys Office:

I am in receipt of the Court's 19-CV-01319 (hereinafter "1319Restrain") Order Granting Plaintiff's Motion to Strike (Dkt. No. 26) of January 27, 2020, Document 31.

I appreciate the Court for taking time out of its busy schedule to share with me, within the contents of that motion, what to expect in the way of resolving my pending § 2255 Habeas Corpus petitions (19-CV-00752 and 19-CV-01694).

I don't believe there is any question about whether or not my § 2255s should be granted. The Seventh Circuit Court of Appeals made mention of the fact that I was denied the 14 days afforded me by Congress and in violation of Local Rule 59(b) in its 2018 decision. Both the 115Farmland and 100JoanB Courts adopted the Report and Recommendation on the Change of Plea Hearing prematurely, something that I cannot document has <u>ever</u> happened previously. I don't believe a "show cause order" is even appropriate under the circumstances. This error was not that of the government, but rather the Court. With each day that passes, both the government and I are being prejudiced.

With regard to the Courts comments in the 1319Restrain case, Docket 31, page 4, the Court states, in part:

> "[E]ven if the defendant succeeds on his § 2255 cases, the remedy would not be to vacate the convictions and send the defendant home. The remedy would be to vacate the pleas and sentences and to return the cases to their pre-plea postures. The cases would be set for trial--one before Judge Stadtmueller and before this court."

115Farmland Case

With all due respect, when the 115Farmland conviction is vacated, Judge Stadtmueller <u>may</u> schedule trial for the 115Farmland case, as you have stated; however, I will immediately be filing a Motion to Dismiss based on a violation of the Statute of Limitations. The government indicted me outside the statute of limitations, an affirmative defense I overlooked prior to considering pleading guilty, and something I was raising as an objection prior to withdrawing my proposed guilty plea when the 115Farmland Court prematurely adopted the Report and Recommendation on the Change of Plea hearing. Prior to trial, on September 21, 2016, less than two (2) months before trial, my co-defendants Nicholas C. Hindman, Sr., and Father Melvin E. Krumdick, through counsel, both filed Motions to Dismiss the 115Farmland case based on the fact that the indictments were defective and were missing essential elements in the indictments' introduction. Specifically, the indictments failed to allege in their introduction that (1) the defendants acted knowingly, and (2) the defendants acted with an intent to defraud. According to the Seventh Circuit Pattern Jury Instructions for 18 U.S.C. § 1343 (wire fraud), those missing allegations were essential elements of the offense of wire fraud. Furthermore, because the indictment failed to allege the defendants acted "knowingly" and "with intent to defraud", the other counts, which were dependent on the validity of wire fraud counts, would also fail, and likewise warranted dismissal. As a cure, the government went back in front of a successor grand jury after adding the words "knowing" and "with intent to defraud" and returned what they termed a superseding indictment. However, as the original June 2015 115Farmland indictment was defective for failure to include essential elements, this fact rendered the original indictment a nullity, and, in reality, what the government termed a superseding indictment was actually a new indictment filed outside the statute of limitations. A superseding indictment or new indictment cannot stem from a void indictment. In addition to adding the words "knowing" and "with intent to defraud" to the framework of the June 2015 "defective" indictment, the government also removed 11 months from the front of the indictment, alleging the

scheme ended in September 2011 (as alleged in October 12, 2016's so-called superseding indictment) instead of August 2012 (as alleged in the June 2015 "defective" indictment). This date change removed Tracy Bolton (my secretary) as a defendant from the alleged scheme and from the October 12, 2016, indictment. The date change also altered the expiration of the statute of limitations. As noted previously, under the original June 2015 "defective" indictment, the alleged scheme ended in August 2012, making the expiration of the five (5)-year statute of limitations August 31, 2017. Under the government's narrowed October 12, 2016, so-called superseding indictment, the alleged scheme ended in September 2011. Consequently, the October 12, 2016, so-called superseding indictment was returned 12 days outside the September 30, 2016, statute of limitations expiration date.

100JoanB Case

As I have shared with this Honorable Court previously, the 100JoanB case's indictment suffers from the same defects as the 115Farmland case's: the indictment fails to allege in its introduction that I acted "knowingly" or "with intent to defraud." While the government attempted to address those deficiencies in the 115Farmland case, they have not been addressed in the 100JoanB case. The 100JoanB case's indictment is defective. If my conviction and plea are vacated, and I then file a Motion to Dismiss the 100JoanB indictment because it is defective, "parroting" the 115Farmland ECF 116 & 121 filings, I believe the 100JoanB Court will be forced to grant my Motion to Dismiss. The government will once again be put in the position of having to return to a successor grand jury and begin to make presentments without making references back to the June 2016 defective indictment, this time with an altered set of facts than those presented to the 2016 100JoanB grand jury. Furthermore, as the 2016 100JoanB indictment is defective, there would be no tolling of the statute of limitations. A defective indictment is a nullity and does not toll the statute of limitations as that door swings shut. Because the government would be making presentments to a successor grand jury, completely unfamiliar with the facts of the 100JoanB case, and because a significant number of additional facts will come to light through our 1319Restrain case stipulations and have come to light from the Request for Admissions responses from the 18LA000315 McHenry County civil case against the Bakleys, I believe the government will have difficulty "ethically" convincing a grand jury to return an

indictment. As I am sure you are aware, the Bakleys deny the allegation that they paid me $900,000 to obtain evidence from my father's home or office or that I had promised them a ten million dollar ($10,000,000) settlement from my father's Errors and Omissions insurers in their responses to my 18LA000315 McHenry County Court civil case Request for Admissions. Those are precisely the allegations made in the government's 100JoanB indictment. Finally, as the government's original "defective" 100JoanB indictment identifies the end of the alleged 100JoanB fraud scheme as July 2015, the statute of limitations for the 100JoanB case will expire in July 2020.

I could have kept these things to myself to my advantage. Instead, my polite suggestion is that the 115Farmland Court and the 100JoanB Court facilitate my immediate return to Milwaukee. It will take time to transport me for a hearing, and significant additional time for me to fashion and file my Motion to Dismiss the 115Farmland case and fashion and file the Motion to Dismiss the 100JoanB case based on a defective indictment, time for the 100JoanB Court to rule on my motion and time for the government to either again make presentments to a 100JoanB grand jury or offer me a deal prior to the expiration of the 100JoanB statute of limitations in July 2020. With all due respect intended.

I appreciate everyone for taking the time to read my letter.

Respectfully submitted,

_____
Todd A. Dyer
Reg. No. 05409-089
F.C.I. Elkton
P.O. Box 10
Lisbon, OH 44432