UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

TODD A. DYER,

                    Petitioner,
                                                    Case No. 19-cv-752-pp
        v.

UNITED STATES OF AMERICA,

                    Respondent.

**ORDER SCREENING AMENDED MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE (DKT. NO. 19); DENYING MOTION TO TAKE JUDICIAL NOTICE (DKT. NO. 2); DENYING MOTION TO EXPEDITE ISSUING A SHOW CAUSE ORDER (DKT. NO. 4); DENYING MOTION TO PRODUCE DOCUMENTS WITHOUT COST (DKT. NO. 5); DENYING MOTION FOR LEAVE TO CONDUCT DISCOVERY (DKT. NO. 6); DENYING MOTION FOR LEAVE TO COMMENCE DISCOVERY (DKT. NO. 7); DENYING MOTION FOR RULING ON UNOPPOSED MOTION TO CONDUCT DISCOVERY (DKT. NO. 12); GRANTING MOTION TO TAKE JUDICIAL NOTICE OF RULES GOVERNING 2255 PROCEEDINGS (DKT. NO. 15); GRANTING MOTION FOR LEAVE TO CONDUCT DISCOVERY (DKT. NO. 17); GRANTING MOTIONS FOR LEAVE TO FILE AFFIDAVITS (DKT. NOS. 18, 21); DENYING MOTION TO EXPEDITE (DKT. NO. 22); GRANTING MOTION TO SUPPLEMENT (DKT. NO. 23) AND REQUIRING RESPONDENT TO ANSWER OR OTHERWISE RESPOND**

On May 21, 2019 the petitioner, representing himself, filed a motion under 28 U.S.C. §2255 alleging that this court convicted and sentenced him in violation of the Constitution. Dkt. No. 1. The motion asserted seven grounds for relief. Id. Almost six months later, the petitioner filed an amended §2255 motion that dropped grounds two through seven; it alleged only ineffective assistance of appellate counsel. Dkt. No. 19. This order screens the amended motion under Rule 4 of the Rules Governing Section 2255 Cases and addresses the other pending motions. Because it does not plainly appear from the face of

the petition that the petitioner is not entitled to relief, the court will order the respondent to answer or otherwise respond.

## I. Background

### A. Underlying Federal Cases

In 2015 and 2016, the petitioner faced charges in the Eastern District of Wisconsin for three separate fraud schemes. See United States of America v. Todd Dyer, Case No. 15-cr-115-JPS; United States of America v. Todd Dyer, Case No. 15-cr-137-LA; United States of America v. Todd Dyer, Case No. 16-cr-100-PP.

### 1. *Case Number 15-cr-115-JPS*

In June 2015, a grand jury indicted the petitioner on thirty-one counts of wire fraud and unlawful financial transactions. Dyer, Case No. 15-cr-115, dkt. no. 1.[1] Over the course of the pretrial proceedings, three different attorneys represented the petitioner; each eventually asked to withdraw. See id. at Dkt. Nos. 35, 86, 108. The docket shows that the petitioner was filing motions on his own behalf, even when he had counsel representing him See e.g. id. at Dkt. No. 106.

Judge Stadtmueller set a trial date for December 5, 2016. Id. at Dkt. No. 103. On November 10, 2016, Magistrate Judge David E. Jones held a status conference to discuss appointing stand-by counsel to assist the petitioner at trial. Id. at Dkt. No. 158. He authorized the Federal Defender Services of Wisconsin to appoint stand-by counsel and an investigator to assist the petitioner. Id.

---

[1] A superseding indictment later reduced the number of charges to twenty-four. Id. at Dkt. No. 137.

On his own, the petitioner filed a motion objecting to the trial date and asking for additional time to file pretrial motions. Id. at Dkt. No. 106. He filed a second motion to adjourn the trial on September 21, 2016. Id. at Dkt. No. 125. Two weeks before trial, the petitioner filed three additional motions: (1) a motion to dismiss counts one, three, four, five, thirteen and twenty-three of the superseding indictment with prejudice, id. at dkt. no. 171; (2) a motion to adjourn the trial date, id. at dkt. no. 172; and (3) a motion to dismiss the indictment, id. at dkt. no. 180. The motion to dismiss counts asserted that the government would violate the petitioner's Sixth Amendment right to confront witnesses because the government did not intend to call certain victims of the fraud scheme as witnesses. Id. at Dkt. No. 171. The motion to adjourn the trial stated that the petitioner was not able to view the over 87,000 emails contained in the discovery and that he had not had adequate time to prepare a defense. Id. at Dkt. No. 172. The motion to dismiss the indictment argued that the grand jury who returned the first indictment was not the same grand jury that returned the superseding indictment. Id. at Dkt. No. 180.

Judge Stadtmueller denied these motions on December 1, 2016, id. at dkt. no. 182, and the case proceeded to trial. During the second day of trial, the petitioner told the government that he wanted to stop the trial and plead guilty. See United States v. Dyer, 892 F.3d 910, 912 (7th Cir. 2018). The next day, the government filed a "global" plea agreement—one that resolved all three of the pending cases. Id. at Dkt. No. 198. Per his standard practice, Judge Stadtmueller referred the case to Magistrate Judge David E. Jones for a change-of-plea hearing; Judge Jones recommended that he accept the petitioner's plea, and on December 12, 2016 Judge Stadtmueller adopted that recommendation. Id. at Dkt. No. 205.

Judge Stadtmeuller scheduled the sentencing hearing for March 8, 2017. The day before the hearing, the petitioner filed a 200-page "motion to withdraw guilty plea" with forty-three bookmarked exhibits, id. at dkt. no. 221; an eighty-four-page "motion for formal charges against witness and disciplinary action against AUSA Wall and Proctor," id. at dkt. no. 222; and (3) an almost 1,000-page second "Motion for Formal Charges," id. at dkt. no. 224. Judge Stadtmueller denied these motions during the sentencing hearing and sentenced the petitioner to 180 months' imprisonment followed by three years of supervised release. Id. at Dkt. No. 231.

## 2. *Case Number 15-cr-137-LA*

In Case No. 15-cr-137, the grand jury returned an indictment on July 7, 2015 charging the petitioner with two counts: wire fraud and unlawful financial transaction. United States v. Dyer, Case No. 15-cr-137, dkt. no. 1. Shortly after the case began, the petitioner's counsel requested leave to withdraw, id. at dkt. no. 13, and the petitioner filed a motion for leave to appear *pro se*, id. at dkt. no. 21. On October 13, 2015, Judge Jones held a hearing and found the petitioner's waiver of his right to counsel to be knowing and voluntary; he allowed the petitioner to represent himself. Id. at Dkt. No. 23. A month later, the petitioner indicated that he no longer wished to represent himself and Judge Jones re-appointed counsel for him.[2] Id. at Dkt. Nos. 31, 34.

On July 18, 2016, the petitioner filed a *pro se* motion to dismiss the indictment. Id. at Dkt. No. 61. The motion alleged that the prosecutors had presented false evidence to the grand jury and had obtained an indictment

---

[2] Appointed counsel later filed a motion to withdraw, id. at dkt. no. 49, and a subsequently appointed lawyer also filed a motion to withdraw, id. at dkt. no. 59.

through their intentional omission and concealment of evidence. Id. at Dkt. No. 61. The petitioner alleged that the indictment was a "deliberate attempt to create prejudice, suggesting falsely that defendant Dyer is involved in numerous ongoing illegal schemes." Id. at Dkt. no. 61, p. 3. He charged assistant United States Attorney Joseph Wall with pursuing indictments against him to "satisfy[y] a personal vendetta" resulting from "Dyer's 2009 refusal to share his financial information, after being dismissed from supervised release on December 22, 2007." Id. On February 14, 2017, Magistrate Judge Jones recommended that the district court deny the motion. Id. at Dkt. No. 75. Judge Adelman did not rule on the recommendation.

At the end of March 2017, the government filed a motion to dismiss the indictment. Id. at Dkt. No. 80. The motion stated that under the global plea agreement, the government had agreed to dismiss Case No. 15-cr-137. Id. Judge Adelman granted that motion the next day. Id. at Dkt. No. 81.

### 3. *Case Number 16-cr-100-PP*

In Case No. 16-cr-100, the grand jury returned an indictment on June 28, 2016, charging the petitioner with perpetuating a third fraud scheme. United States v. Dyer, Case No. 16-cr-100, dkt. no. 1 (E.D. Wis.). At his July 13, 2016 arraignment and plea hearing in front of Judge Jones, the petitioner noted that he was proceeding *pro se* in his other cases and requested to proceed *pro se* in this case. Id. at Dkt. No. 6. Judge Jones granted the request and the petitioner participated in the pretrial stage of the case without representation. See, *e.g.*, Id. at Dkt. No. 17. On November 10, 2016, the petitioner filed a fifty-five-page motion to dismiss the indictment with upwards of seventy attachments. Id. at Dkt. Nos. 25, 26. The motion argued that the government had obtained the indictment by presenting perjured testimony to

the grand jury and intentionally omitting, concealing and altering evidence that would negate the petitioner's guilt. Id. at Dkt. No. 25.

The court did not rule on the motion but noted that the deadline for filing pretrial motions and responses remained in effect; the government had a deadline of December 27, 2016 to respond to the petitioner's motion. Id. at Text-Only Order, Nov. 23, 2016. On December 7, 2016, before that deadline had elapsed, the government filed the global plea agreement. Id. at dkt. no. 30.

4.     *Global Plea Agreement*

The global plea agreement called for the petitioner to plead guilty to two counts of wire fraud and two counts of unlawful financial transactions—one each in Case Nos. 15-cr-115 and 16-cr-100—in exchange for the government dismissing all the charges in Case No. 15-cr-137. Dyer, 892 F.3d at 912.

Because the plea agreement resolved both Case No. 15-cr-115 and Case No. 16-cr-100, this court agreed to follow Judge Stadtmueller's practice; it referred Case No. 16-cr-100 to Judge Jones to conduct the plea colloquy. Dyer, Case No. 16-cr-100 at Dkt. No. 31. Judge Jones conducted a consolidated plea colloquy on December 7, 2016, and, after thoroughly questioning the petitioner, recommended that the district judges in both cases accept the guilty pleas. Id. at Dkt. No. 32. This court adopted that report and recommendation on December 20, 2016. Case No. 16-cr-100 at Dkt. No. 36.

5.     *Further Proceedings in Case No. 16-cr-100*

This court set the petitioner's sentencing date in Case No. 16-cr-100 for March 23, 2017. At the sentencing hearing, the petitioner informed the court that he had tried to send the court a motion to withdraw his guilty plea. Id. at Dkt. No. 47; see also id. at dkt. no. 59 (transcript of sentencing hearing). The court responded that it had not seen the motion. Id. It asked the petitioner for

the basis of the motion; he responded that he had decided to plead guilty to avoid what he felt were prejudicial proceedings in Judge Stadtmueller's court. Id. The court questioned the petitioner about the plea colloquy before Judge Jones; as a result of the petitioner's answers, the court denied his oral motion to withdraw the guilty plea. Id. The court sentenced the petitioner to 110 months of incarceration, followed by three years of supervised release. Id. It entered judgment on April 13, 2017. Id. at Dkt. No. 48.

The petitioner timely filed a notice of appeal and simultaneously asked this court for leave to appeal without prepaying the filing fee. Id. at Dkt. Nos. 51, 55. On May 7, 2017, this court issued an order granting the motion for leave to appeal without prepaying the filing fee. Id. at Dkt. No. 57. The May 7 order clarified and confirmed the court's ruling denying the petitioner's request to withdraw his guilty plea. Id. The order commented that the petitioner had not offered anything more than "bare protestations of innocence" and that he had knowingly, intelligently and voluntarily entered a guilty plea. Id.

While the 16-cr-100 case was on appeal, the petitioner filed two additional motions. First, the petitioner asked the court to reconsider its denial of his motion to dismiss.[3] Id. at Dkt. No. 60. The court asked for—and received—a response from the government on June 28, 2017. Id. at Dkt. No. 63. The petitioner also filed a "motion to vacate" on July 31, 2017. Id. at Dkt. No. 64. After his appeal concluded, the petitioner filed a second motion to vacate on May 21, 2019. Id. at Dkt. No. 75. The clerk's office opened this case based on the May 21, 2019 motion.

---

[3] The court will address this motion in a separate order in criminal case 16-cr-100.

6. *Consolidated Appeal*

The docket for the petitioner's appeal reflects that the Seventh Circuit appointed appellate counsel for him. United States v. Dyer, Court of Appeals Case #17-1776, at Dkt. No. 8 (7th Cir. May 11, 2017). The petitioner argued on appeal that Judge Jones did not conduct a proper plea colloquy. Id. at Dkt. No 25 (7th Cir. Nov. 15, 2017). Specifically, he argued (1) that Judge Jones failed to inquire into the petitioner's mental state; (2) that the colloquy was not sufficient in light of the complexity of the three cases; (3) that the colloquy did not address Judge Stadtmueller's allegedly improper remarks at trial; (4) that the colloquy did not advise the petitioner that he was waiving his right to contest the district court's pretrial and trial rulings; and (5) that the cumulative errors should have mandated allowing the petitioner to withdraw his plea. Id.

The Seventh Circuit rejected the petitioner's arguments and affirmed this court's decision. Dyer, 892 F.3d at 915.

B.    Petitioner's Motions to Vacate

The petitioner has filed *two* motions to vacate relating to Case No. 16-cr-100.

1. *July 31, 2017 Motion to Vacate in 16-cr-100*

The petitioner filed the first motion on July 31, 2017. United States v. Dyer, 16-cr-100 at Dkt. No. 64. At that time, this court did not have jurisdiction over the criminal case because the petitioner had appealed to the Seventh Circuit. Had the petitioner filed that motion after the Seventh Circuit decided his appeal, the clerk's office would have treated it as a §2255 motion and opened a civil case, but because the petitioner filed the motion *during* the appeal, the motion remained pending. The July 31, 2017 motion asserts that the petitioner did not knowingly and voluntarily waive his Sixth Amendment

right to counsel and did not knowingly and intelligently plead guilty. Id. at Dkt. No. 64. The petitioner says that if Judge Jones had conducted a proper inquiry before allowing him to proceed without representation, "the Court would have addressed and examined Dyer for competency to determine if his bipolar/manic-depressive illness was inhibiting his ability to make rational decisions." Id. He argues that his history of mental illness "is an established fact" and asserts that Judge Jones should not have found the petitioner competent to waive counsel or to engage in a valid plea colloquy. Id. at Dkt. No. 64, p. 5.

The petitioner also asserts a claim for ineffective assistance of counsel. Id. at p. 17. He says none of his appointed lawyers took enough time to read the discovery file. Id. Third, the motion asserts that the court should not have applied the 4-level enhancement for substantial financial hardship under U.S.S.G. §2B1.1(b)(2)(B). Id. at p. 18-21. He argues that, factually, none of the victims suffered substantial financial hardships. Id. Finally, he asserts that that the government committed a Brady violation by failing to obtain recordings from a victim and disclose those recordings to the defendant. Id. at p. 23.

### 2.  *May 21, 2019 Motion to Vacate in 19-cv-752 (Dkt. No. 1)*

On May 21, 2019—almost nine months after the Seventh Circuit issued the mandate on his direct appeal—the petitioner filed the second motion to vacate, set aside or correct a sentence under 28 U.S.C. §2255; the clerk's office treated this as a §2255 motion and opened this civil case. Dyer v. United States, Case No. 19-cv-752, dkt. no. 1. As noted above, the motion alleged seven grounds for relief: (1) that his appellate counsel "was grossly incompetent" for failing to raise two issues on direct appeal—Judge's Jones's failure to appoint counsel and his failure to conduct a Faretta hearing, dkt. no.

9

1 at 6; (2) that the government committed prosecutorial misconduct by failing to produce favorable discovery material, namely phone recordings between the petitioner and victim Cindy Bakley, id. at 7; (3) that the court failed to follow 28 U.S.C. §636(b)(1)(C) because it adopted the magistrate judge's recommendation before the fourteen-day objection deadline had passed, id. at 9; (4) that the indictment was defective because it did not allege that the petitioner knowingly and willfully defrauded the victims, id.; (5) that the court violated the petitioner's constitutional rights by not ordering a mental evaluation before allowing him to proceed *pro se*—and within this claim, the petitioner alleged that his appellate counsel failed to raise this issue on direct appeal, id. at 10; (6) that the government vindictively/selectively prosecuted him, id.; and (7) that standby counsel—Martin Pruhs—negotiated and signed the plea agreement even though Pruhs was not retained or appointed to represent the petitioner in this case. Id. at 12.

3. *November 18, 2019 Amended Motion to Vacate (Dkt. No. 19)*

On November 18, 2019, the petitioner amended the §2255 motion to list only a single ground for relief: ineffective assistance of appellate counsel. Dkt. No. 19 at 4. The petitioner explained that Judge Jones had issued the report recommending that this court accept the petitioner's guilty plea on December 7, 2016, and that rather than waiting fourteen days to allow the petitioner to object to the recommendation, the district court adopted the recommendation on December 20, 2016—thirteen days later. Id. The petitioner argues that this was a significant and obvious issue that his appellate counsel should have raised. Dkt. No. 20. His brief does not mention the grounds he raised in the previous motions to vacate.

**II.     Rule 4 Screening**

    A.     Standard

Rule 4 of the Rules Governing §2255 proceedings provides:

> If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Rule 4(b), Rules Governing §2255 Proceedings.

A petitioner seeking relief under §2255 must allege either that the sentence violated the Constitution or laws of the United States, that the court was without jurisdiction, that the sentence exceeded the maximum authorized by law or that the sentence is otherwise subject to collateral attack. 28 U.S.C. §2255(a). At the screening stage, the court considers only whether the petitioner has raised claims that can be adjudicated in a section §2255 proceeding, whether the petitioner has exhausted his claims and whether he filed the motion within the limitations period.

    B.     Discussion

        1.     *The motion was timely filed.*

The petitioner filed the original motion to vacate on May 21, 2019. Section §2255(f)(1) mandates a one-year limitations period for filing a §2255 petition; the year begins to run from the date the judgment of conviction becomes final. When a petitioner has appealed his conviction but did not petition for a writ of *certiorari* from the Supreme Court, his conviction becomes "final" for the purpose §2255(f)(1) "when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction." <u>Clay v. United States</u>, 537 U.S. 522, 525 (2003). Under Supreme Court Rule 13, the

petitioner had ninety days from the date the Seventh Circuit affirmed his conviction to petition for *certiorari*—until mid-November 2019. The May 21, 2019 motion was filed well before that time expired.

The petitioner's November 18, 2019 amended motion relates back to the date of the May 21, 2019 motion because ground one of the amended motion was also one of the grounds of the original motion. See Rodriguez v. United States, 286 F.3d 972, 980-81 (7th Cir. 2002) (quoting Fed. R. Civ. P. 15(c)(2) and observing that amended motions relate back to the date of the original filing where "'the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading.'")

> ### 2. *The petitioner exhausted the claim in the amended motion.*

For a claim to be cognizable under §2255, the petitioner must have raised the claim on direct appeal; "'[a]ny claim that could have been raised originally in the trial court and then on direct appeal that is raised for the first time on collateral review is procedurally defaulted." Delatorre v. United States, 847 F.3d 837, 843 (7th Cir. 2017) (citing Hale v. United States, 710 F.3d 711, 713-14 (7th Cir. 2013)). "Procedurally defaulted constitutional claims are not considered on collateral review unless the petitioner shows either (1) actual innocence or (2) cause and prejudice." Delatorre, 847 F.3d at 843 (citing Bousley v. United States, 523 U.S. 614, 622 (1998)). There is an exception for claims of ineffective assistance of counsel, which may be brought for the first time in a §2255 motion. See Massaro v. United States, 538 U.S. 500, 504 (2003); United States v. James, 635 F.3d 909, 916 (7th Cir. 2011).

The July 31, 2019 and May 21, 2019 motions included claims that were procedurally defaulted. The November 18, 2019 amended motion, however—

which takes the place of the May 21, 2019 motion—raises only a claim for ineffective assistance of appellate counsel under the Sixth Amendment. That claim is cognizable on §2255 review and the petitioner may raise it for the first time in a §2255 motion.

3. *The petitioner has stated a claim cognizable under §2255.*

The petitioner argues in his amended motion that this court's failure to give him the full fourteen days provided for in 28 U.S.C. §636(b)(1)(C) to object to Judge Jones's recommendation that this court accept the petitioner's plea deprived him of his right to due process and "the structural guarantees of Article III of the United States Constitution to de novo review." Dkt. No. 19 at 4. It is a claim that the sentence resulted from a proceeding that violated the laws and Constitution of the United States. It is a cognizable under §2255.

## III. Miscellaneous Motions

### A. Motion to Take Judicial Notice (Dkt. No. 2)

Shortly after he filed the §2255 motion, the petitioner asked the court to take judicial notice that the government had sent the court a letter in Case No. 16-cr-100, alleging that the petitioner had engaged in victim and witness retaliation. Dkt. No. 2 at 1. He asked the court "to take judicial notice of his intentions to fully respond to AUSA's May 21, 2019 correspondence in the very near future." Dkt. No. 2 at 1. He asserted that this court should not be prejudiced by the government's letter. Id.

"A court may take judicial notice of an adjudicative fact that is both 'not subject to reasonable dispute' and either 1) 'generally known within the territorial jurisdiction of the trial court' or 2) 'capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.'" General Elec. Capital Corp. v. Lease Resolution Corp., 128 F.3d

1074, 1081 (7th Cir. 1997) (quoting Fed. R. Evid. 201(b)). The court certainly may take judicial notice of the fact that the government filed a letter; that fact is capable of accurate and ready determination by looking at the docket. But the court cannot take "judicial notice" of someone's intentions. It cannot take "judicial notice" of someone's subjective opinion about why someone else did something. The court will deny this motion.

B.    Motion to Expedite Issuing a Show Cause Order (Dkt. No. 4)

Forty-nine days after the court received the original petition, it received the petitioner's motion asking the court to "expedite issuing a show cause order relating to his pending § 2255 motion." Dkt. No. 4. He complained that more than thirty days had passed since he'd filed his motion, and the court had not issued "an order to show cause to the government." Id. at 1. He indicated that he was "anxiously" awaiting the proceedings and asked this court to "timely" issue its order directing the respondent to respond. Id.

For reasons that the court has explained to the petitioner in other filings, the court has gotten to this case as quickly as it could. The court now has screened the petition. It will deny this motion as moot.

C.    Motion to Produce Documents Without Cost (Dkt. No. 5)

This motion asks the court to file Dkt. No. 77 of Case No. 16-cr-100 in this *habeas* case. Dkt. No. 5. Docket Number 77 in Case No. 16-cr-100 is a May 28, 2019 motion from the petitioner, asking for "copies of the arraignment transcript (Doc. 6) of the hearing held on 7/13/2016 to show a 'Faretta' colloquy doesn't exist. This issue is raised in Ground 1 of his §2255 Motion." Case No. 16-cr-100 at Dkt. No. 77. The May 28 motion also requested various

other transcripts and documents that related to grounds two, three, four, and seven of the petitioner's original §2255 motion.[4] Id.

The petitioner filed his motion in the underlying criminal case in late May 2019. Case No. 16-cr-100 at Dkt. No. 77. He filed the motion in *this* case on July 22, 2019. Case No. 19-cv-752 at Dkt. No. 5. On July 23, 2019, the court reporter docketed the transcript of the July 13, 2016 hearing in the criminal case. Case No. 16-cr-100 at Dkt. No. 79. The court communicated with the court reporter, who confirmed that the petitioner had ordered (and paid for) the transcript.

There is no reason for the court to docket the petitioner's request for the July 13, 2016 hearing transcript in this case; the motion already has been granted in the criminal case and the transcript is on the docket there. Both this court and the respondent can access that transcript in the criminal case. The court will deny this motion.

D.     <u>Motions for Leave to Conduct Discovery (Dkt. Nos. 6, 7 and 17)</u>

The petitioner has filed three motions to conduct discovery. Dkt. Nos. 6, 7, 17.

Unlike civil litigants in federal court, a *habeas* petitioner is not entitled to discovery as a matter of course. <u>Higgason v. Lemmon</u>, 6 F. App'x 433, 436 (7th Cir. 2011) (citing <u>Bracy v. Gramley</u>, 520 U.S. 899, 904 (1997)). Rule 6 of the Rules Governing §2255 cases gives federal judges the discretion to allow a petitioner to conduct discovery "for good cause." Where specific allegations convince the court that a *habeas* petitioner will be entitled to relief if the facts are fully developed, the court has a duty to provide "the necessary facilities and

---

[4] The petitioner's amended motion raised only one of the claims he raised in his original petition; the court denies this motion to the extent it seeks materials relating to claims that are no longer at issue.

procedures for an adequate inquiry." <u>Bracy</u>, 520 U.S. at 908-09 (quoting <u>Harris v. Nelson</u>, 394 U.S. 286, 300 (1969)). But "[t]he factual allegations . . . must not be speculative or conclusory because discovery is not intended to be a fishing expedition." <u>Id.</u> (citation omitted).

The petitioner has not shown good cause for discovery. He has alleged that, as a legal matter, the court denied him his due process rights when it failed to give him fourteen days to object to Judge Jones's recommendation. The information he needs to argue that allegation is already in the record; the record shows the date Judge Jones issued his recommendation and it shows the date this court adopted the recommendation. The court will require the respondent to answer or otherwise respond to the motion under Rule 5 of the federal *habeas* rules. Once the respondent answers, the court will give the parties the opportunity to brief the motion. If, after reviewing the briefs, the court determines that discovery is necessary, it may order it at that time.

E.     <u>Motion for Ruling on Motion for Leave to Conduct Discovery (Dkt. No. 12)</u>

A month after he filed his first motion for leave to conduct discovery, the petitioner filed this motion, noting that the respondent hadn't opposed his request to conduct discovery and asking the court to grant it. Dkt. No. 12. The court has denied the motion for leave to conduct discovery and will deny this motion as moot.

F.     <u>Motion to Take Judicial Notice of Rules Governing 2255 Proceedings (Dkt. No. 15)</u>

Frustrated that the court did not screen his §2255 motion more quickly, the petitioner filed this motion asking the court to take judicial notice of the fact that Rule 4(b) of the Rules Governing § 2255 Proceedings requires the court to "promptly" examine petitions. Dkt. No. 15. The court will grant the

motion and takes judicial notice of what the rule says. But that's not what the petitioner really wanted. The petitioner wanted the court to screen his motion more quickly than it did. The court now has screened the motion.

G.    Motions for Leave to File Proposed Affidavits (Dkt. Nos. 18, 21)

The petitioner has asked leave to file two affidavits. Dkt. Nos. 18, 21. He attached the proposed affidavits to the motions. Dkt. Nos. 18-1, 21-1. The affidavits are nearly identical; they differ only in that they are signed on different dates and on page four of the affidavit at Dkt. No. 21-1, the petitioner capitalized "<u>KNOWINGLY</u> or <u>WITH THE INTENT</u>." The motions assert that "it is a procedural requirement of the 7th Circuit and its district courts to submit a detailed affidavit to substantiate a defendant/movant's §2255 petition so that the petitioner may not merely rest on 'mere unsupported allegations' in his §2255 petition's ground for relief or collateral attack." Dkt. No. 21 at 1 (citing <u>Barry v. United States</u>, 528 F.2d 1094, 1101 n.31-32 (7th Cir. 1976)).

The petitioner is correct that the Seventh Circuit requires §2255 motions to be supported by affidavits; "'[i]t is the rule of this Court that in order for a hearing to be granted, the petition must be accompanied by a detailed and specific affidavit which shows that the petitioner had actual proof of the allegations going beyond mere unsupported assertions.'" <u>Kafo v. United States</u>, 467 F.3d 1063, 1067 (7th Cir. 2006) (quoting <u>Prewitt v. United States</u>, 83 F.3d 812, 819 (7th Cir. 1996)). That court has clarified that "our insistence that a petition under 28 U.S.C. § 2255 include an affidavit setting forth the specific basis for relief is nothing more than our enforcement of Rule 2 of the *Rules Governing Section 2255 Proceedings for the United States District Courts*." <u>Id.</u> Rule 2(b)(5) requires the motion to "be signed under penalty of perjury by the movant or by a person authorized to sign it for the movant." <u>Id.</u> "[T]he

verification requirement [of Rule 2(b)(5)] serves to ensure that a petitioner can provide *some evidence* beyond conclusory and speculative allegations, even if that evidence is his verified statement alone." Id. at 1068; see also Johnson v. United States, No. 16-1651, 2017 WL 3379753, at *1 (7th Cir. Jan. 20, 2017) ("[petitioner] signed his motion under penalty of perjury, so it is considered an affidavit.").

The petitioner filed his original motion for §2255 relief on the form provided by the Eastern District of Wisconsin. Dkt. No. 1. That form contains a section titled " VII. DECLARATION UNDER PENALTY OF PERJURY," which the petitioner signed and dated. Id. at 13.  The petitioner did not file his amended motion on this district's form, and the form he used did *not* have a section for the petitioner to verify his allegations. Dkt. No. 19. The petitioner's motions for leave to file affidavits appear to be his attempts to remedy this omission for the amended petition. The court will grant the petitioner's motions for leave to file affidavits. Because the proposed affidavits are nearly identical, the court will direct the clerk of court to docket only the proposed affidavit at Dkt. No. 21-1 as a separate docket entry.

H.    Motion to Expedite §2255 Proceedings (Dkt. No. 22)

In December 2019—some seven months after he filed his original petition, and a month or so after he filed the amended petition—the petitioner again asked the court to hurry up. Dkt. No. 22. He asked for an order "that proceedings in this action take precedence on the Court's docket over all other cases, except cases the Court considers of greater urgency." Id. at 2-3. He asked for an oral hearing at the earliest possible date and asked the court to expedite the proceeding "in every way." Id. at 3.

The court *has* spent its time on cases it considered to be of greater urgency than the petitioner's. It has given precedence to criminal cases, because the Constitution and the law required it to do so. It has given precedence to civil cases which have been pending since long before the petitioner was sentenced in his criminal case. It has given precedence to Social Security cases where applicants have been waiting for years, hoping for benefits. It has given precedence to *habeas* proceedings which have been pending far longer than the petitioner's.

Now, the court has been able to screen the petitioner's motion. It will deny this motion as moot.

I.     Motion for Leave to Supplement (Dkt. No. 23)

Finally, the court received a motion on January 21, 2020, asking the court to allow the petitioner to supplement "additional material facts in support of ineffective assistance of appellate counsel." Dkt. No. 23 at 1. Rule 7(a) of the Rules Governing Section 2255 Cases provides:

> (a) **In General.** If the petition is not dismissed, the judge may direct the parties to expand the record by submitting additional materials relating to the petition. The judge may require that these materials be authenticated.

Rule 7(a), Rules Governing Section 2255 Cases.

The petitioner's proposed exhibit purports to be an October 22, 2017 email from the petitioner to his appellate counsel. Dkt. No. 23-1. The petitioner argues the email shows that he raised the issue of not receiving fourteen days to object to Judge Jones's recommendation with his appellate counsel. The petitioner's lone ground for relief charges ineffective assistance of his appellate counsel; this document appears relevant to that claim.

The court will allow the petitioner to supplement the record with this document. The court makes no finding regarding the authenticity of this document.

J.    Concluding Word

The next step in this process is for the respondent to answer or otherwise respond to the petition. Until the respondent does that, there is *nothing* for the petitioner to do. If the petitioner files other pleadings while waiting for the respondent to respond, the court will need to review those documents, which may slow the process.

## III.    Conclusion

The court **ORDERS** that the petitioner may proceed on ground one of his amended motion to vacate. Dkt. No. 19.

The court **DENIES** the petitioner's motion to take judicial notice. Dkt. No. 2.

The court **DENIES as moot** the petitioner's motion to expedite. Dkt. No. 4.

The court **DENIES** the petitioner's motion to produce documents. Dkt. No. 5.

The court **DENIES** the petitioner's motion for leave to conduct discovery. Dkt. No. 6

The court **DENIES** the petitioner's motion for leave to commence discovery. Dkt. No. 7.

The court **DENIES as moot** the petitioner's motion for ruling. Dkt. No. 12.

The court **GRANTS** the petitioner's motion to take judicial notice. Dkt. No. 15.

The court **DENIES** the petitioner's motion for leave to conduct discovery. Dkt. No. 17.

The court **GRANTS** the petitioner's motions for leave to file affidavits. Dkt. Nos. 18, 21.

The court **DIRECTS** the Clerk of Court to file the document at dkt. no. 21-1 as a separate docket entry.

The court **DENIES** the petitioner's motion to expedite the case. Dkt. No. 22.

The court **GRANTS** the petitioner's motion for leave to supplement. Dkt. No. 23.

The court **ORDERS** that within sixty days of the date of this order, the respondent shall answer or otherwise respond to the petition, complying with Rule 5 of the Rules Governing §2255 Cases, and showing cause, if any, why the writ should not issue.

The court **ORDERS** that the parties must comply with the following schedule for filing briefs on the merits of the petitioner's claims:

(1) the petitioner has forty-five days after the respondent files the answer to file a brief in support of his petition;

(2) the respondent has forty-five days after the petitioner files his initial brief to file a brief in opposition;

(3) the petitioner has thirty days after the respondent files the opposition brief to file a reply brief, if he chooses to file such a brief.

If, instead of filing an answer, the respondent files a dispositive motion:

(1) the respondent must include a brief and other relevant materials in support of the motion;

(2) the petitioner may file a brief in opposition to that motion within forty-five days of the date the respondent files the motion;

(3) the respondent has thirty days after the petitioner files his opposition brief to file a reply brief, if the respondent chooses to file such a brief.

The parties must submit their pleadings in time for the court to *receive* them by the stated deadlines.

Under Civil Local Rule 7(f), briefs in support of or in opposition to the *habeas* petition and any dispositive motions shall not exceed thirty pages and reply briefs may not exceed fifteen pages—not counting any statements of fact, exhibits and affidavits. The court requires the parties to double-space any typed documents.

Dated in Milwaukee, Wisconsin this 17th day of March, 2020.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**